IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

JIMMY FORD, Father and Next Friend of
the ESTATE OF CARISSA FORD, a
deceased minor child,

    PLAINTIFF,

vs.   CASE NO. CV 03-J-130-J

THE SATURN CORPORATION, and
THE CITY OF JASPER,

    DEFENDANTS.

## MEMORANDUM OPINION

This matter is before the court on the defendant Saturn Corporation's ("Saturn") notice of removal (doc. 1), and the plaintiff's motion to remand (doc. 6).

Saturn removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a). Saturn alleges that this action is removable because the matter in controversy exceeds $75,000.00 and it is between citizens of different states. Notice of Removal, ¶ 1. Saturn further alleges that the defendant City of Jasper was fraudulently joined, although the plaintiff has plead causes of action for improper control and maintenance of an intersection and for combining and concurring negligence and/or wantoness. *See* Complaint, ¶¶ 17-20, 21-23 and Notice of Removal, ¶ 11.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service*

*Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendant.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440.... In *Tapscott*, 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360. In the instant case, the parties do not suggest that there has been "outright fraud in the plaintiff's pleading of jurisdictional facts," so we concern ourselves only with the first and third types of fraudulent joinder. Turning to the first type, "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

The defendants, as the parties removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505.

"The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citiation omitted).[1]

---

[1] This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

3

The court finds two causes of action are stated against the non-diverse defendant – improper control and maintenance of an intersection (Count III) and combining and concurring negligence and wantoness (Count VII).[2]

Defendants assert that the plaintiff has no evidence that the City of Jasper had reasonable notice of the snow or ice, thus the plaintiff could not obtain a judgment against the City of Jasper and thus the claim must be dismissed. Notice of Removal, ¶ 10. The plaintiff responds that the City did have actual or constructive notice of ice in the roadway. Plaintiff's motion to remand at 3.

The court, having reviewed the allegations set forth in Count III of the plaintiff's complaint, finds such allegations do state a cause of action against the resident defendant. Thus, this court must find that the joinder was proper and remand the case to the state court. *See Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiff has stated a claim against the non-diverse defendant, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if

---

[2]The court notes the complaint lacks a Count IV, V, or VI, and that the paragraphs from Count III to Count VII are consecutively numbered.

none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought").

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall remand this case to the Circuit Court of Walker County, Alabama, by separate Order.

**DONE** this the ___20___ day of February, 2003.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE
